UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL GAHAGAN                                         CIVIL ACTION

VERSUS                                                  NO: 14-1268

UNITED STATES CITIZENSHIP AND                           SECTION: J
IMMIGRATION SERVICES

### ORDER AND REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 8)** filed by Plaintiff, Michael Gahagan ("Plaintiff"), an *Opposition* **(Rec. Doc. 19)** filed by Defendant, U.S. Citizenship and Immigration Services ("USCIS"), Plaintiff's *Reply* **(Rec. Doc. 22)**, and USCIS's *Sur Reply* **(Rec. Doc. 25)**. Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the *Motion for Summary Judgment* should be **DENIED** and that judgment should be entered in favor of USCIS.

### PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff brought suit against USCIS, seeking relief under the Freedom of Information Act (FOIA). Plaintiff is an immigration attorney who sought the release of immigration records pertaining to his client, Mr. Narinder Singh. Plaintiff alleges that he filed a FOIA request with USCIS, requesting particular documents and information, and that USCIS failed to respond within the required

1

twenty (20) business days. On July 8, 2014, the parties participated in a telephone status conference with the Court, during which the government advised that its final response to Plaintiff's FOIA request was placed in the mail that very day, which could moot Plaintiff's claim.

Plaintiff is in receipt of the government's response to his FOIA request and now alleges that the response is insufficient for several reasons:

(1) Plaintiff alleges that USCIS has refused to disclose thirty-three (33) pages of information, instead referring Plaintiff's FOIA request with respect to those documents to the agency of Immigration and Customs Enforcement ("ICE");

(2) Plaintiff alleges that USCIS wholly redacted fifty-nine (59) pages of records without disclosing the segregable portions of information as mandated by FOIA; and

(3) Plaintiff alleges that the government has failed to disclose the names of the people who conducted the searches, what types of search methods were used, and which files were searched, as required by FOIA.

## LEGAL STANDARD

A government agency may withhold records that are responsive to a FOIA request where those records fall into one of nine statutory exemptions. 5 U.S.C. § 552(b)(1)-(9) (West 2009).

This Court has outlined the following standard for motions for

summary judgment in FOIA cases:

> Summary judgment is available to the defendant in a FOIA case when the agency proves that it has fully discharged its obligations under FOIA, and there is no genuine issue of material fact, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester. *See Weisberg v. United States Dep't of Justice,* 705 F.2d 1344, 1350 (D.C. Cir.1983). The agency may satisfy its burden of proof through the submission of affidavits that identify the documents at issue and explain why they fall under the claimed exemption. These affidavits must be clear, specific and reasonably detailed while describing the withheld information in a factual and nonconclusory manner. Furthermore, the court will not grant summary judgment if there is contradictory evidence or evidence of agency bad faith. *See Gallant v. NLRB,* 26 F.3d 168, 171 (D.C. Cir.1994) (quoting *Halperin v. CIA,* 629 F.2d 144, 148 (D.C. Cir.1980)). If the agency meets all of these requirements, the court will normally accord the affidavits substantial weight. However, a reviewing court may also inspect the content of agency documents in camera to determine whether they fall under any of the FOIA exemptions. *See* 5 U.S.C. § 552(a)(4)(B).

*Mavadia v. Caplinger*, No. 95-3542, 1996 WL 592742, at *1 (E.D. La. Oct. 11, 1996) (Vance, J.) (footnotes omitted). "Without evidence of bad faith, the veracity of the government's submissions regarding reasons for withholding the documents should not be questioned." *McQueen v. United States*, 264 F. Supp. 2d 502, 514 (S.D. Tex. 2003) (internal citations omitted), *aff'd*, 100 F. App'x 964 (5th Cir. 2004).

## DISCUSSION

The Court finds that USCIS has appropriately responded to Plaintiff's FOIA request.

### A. Referral to ICE

Plaintiff alleges that USCIS has refused to disclose thirty-three (33) pages of information, instead referring Plaintiff's FOIA request with respect to those documents to the agency of Immigration and Customs Enforcement ("ICE"). USCIS argues that the referral process between USCIS and ICE is quite common, given the similar nature of immigration enforcement between the two agencies. USCIS points out that Plaintiff has filed numerous FOIA lawsuits against USCIS and ICE and has encountered this referral process numerous times before, and in each case, the referred documents were processed and released to Plaintiff by ICE without a significant increase in the amount of time Plaintiff was required to wait.

An "agency may acquit itself [of a FOIA request] through a referral, provided the referral does not lead to improper withholding under the *McGehee* test." *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1118 (D.C. Cir. 2007). Under the *McGehee* test, a referral may not significantly impair the requester's ability to obtain the records or significantly increase the amount of time the requester must wait to obtain the records. *McGehee v. C.I.A.*, 697 F.2d 1095, 1110_(D.C. Cir. 1983). The Court finds no evidence of bad faith on the part of USCIS and finds that the referral to ICE was proper in this case.

### B. Redaction without Disclosing Segregable Portions

Plaintiff alleges that USCIS wholly redacted fifty-nine (59) pages of records without disclosing the segregable portions of information as mandated by FOIA. The declarations that USCIS has submitted state that USCIS was unable to reasonably segregate any portion of the disputed documents that were withheld in full. The Court finds no evidence of bad faith on the part of USCIS and therefore will not question the veracity of the USCIS's submissions regarding reasons for withholding the documents.

### C. Disclosure of Searchers and Search Methods

Plaintiff alleges that the government has failed to disclose the names of the people who conducted the searches, what types of search methods were used, and which files were searched, as required by FOIA. USCIS has provided a supplemental declaration setting forth the specific information that Plaintiff has requested. Therefore, Plaintiff's argument on this issue is moot.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion for Summary Judgment* **(Rec. Doc. 8)** is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's complaint in the above-captioned matter is hereby **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 14th day of August, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

5