UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL GAHAGAN                                              CIVIL ACTION

VERSUS                                                       NO: 14-1268

U.S. CITIZENSHIP AND                                         SECTION:
IMMIGRATION SERVICES                                         J(1)

## ORDER AND REASONS

Before the Court is a *Motion for Attorneys' Fees and Costs* **(Rec. Doc. 28)** filed by Plaintiff, Michael Gahagan ("Plaintiff"), as well as an *Opposition* **(Rec. Doc. 29)** by Defendant, United States Citizenship and Immigration Services ("USCIS"). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motions should be **DENIED.**

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff is an immigration attorney who sought the release of immigration records pertaining to his client, Mr. Narinder Singh. Plaintiff alleges that he filed a request pursuant to the Freedom of Information Act (FOIA) with USCIS on May 2, 2014, requesting particular documents and information, and that USCIS failed to respond within the required twenty (20) business days. Plaintiff then brought suit against USCIS in this Court seeking relief under FOIA on June 2, 2014. On July 8, 2014, USCIS released documents in

1

response to Plaintiff's FOIA request totaling 264 pages in full and eighty (80) pages in part, while redirecting thirty-three pages (33) to the agency of Immigration and Customs Enforcement ("ICE"). Plaintiff then filed a motion for summary judgment, arguing that the government failed to disclose information as required by FOIA. On August 14, 2014, this Court issued an Order denying Plaintiff's motion, upon a finding that USCIS did not have a legal duty to disclose the partially redacted and retained documents. (Rec. Doc. 26). A judgment was then entered in favor of USCIS, dismissing Plaintiff's claims.

Plaintiff filed the instant motion for attorneys' fees on September 5, 2014, seeking a total award of $13,492.16, composed of $13,009.50 in attorneys' fees and $482.66 in costs. (Rec. Doc. 28-2, p. 21).

**PARTIES' ARGUMENTS**

Plaintiff argues that he is both eligible for an award of attorneys' fees because he "substantially prevailed" in his FOIA claim as seen by USCIS's ultimate disclosure of the requested documents, and that he is also entitled to such an award. Plaintiff also contends that the amount he has requested in attorneys' fees and costs is reasonable.

In response, Defendant first argues that Plaintiff is not entitled to attorneys' fees because under the prevailing precedent, a pro se litigant who is also an attorney is not entitled to an

2

award of attorneys' fees. Alternatively, Defendant asserts that Plaintiff is neither eligible to receive attorneys' fees because this Court issued a judgment against him, nor is he entitled to them. Moreover, Defendant contends that the fees sought by Plaintiff are excessive and unreasonable.

**DISCUSSION**

Under FOIA, a court "may assess against the United States reasonable attorneys' fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed." 5 U.S.C.A. § 552(a)(4)(E)(i); *see State of Tex. v. I.C.C.*, 935 F.2d, 728, 730 (5th Cir. 1991). The Fifth Circuit has developed a two-step analysis to determine when such an award is appropriate. *State of Tex.*, 935 F.2d at 730. First, under the "eligibility" prong, the court considers whether the plaintiff "substantially prevailed" in obtaining relief through either a court order in his favor or a "voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C.A. § 552(a)(4)(E)(ii). Second, under the "entitlement" prong, the court "considers a variety of factors to determine whether the plaintiff *should* receive fees." *Batton v. IRS*, 718 F.3d 522, 525 (5th Cir. 2013). These factors include: "(1) the benefit to the public deriving from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the

3

government's withholding of the records had a reasonable basis in law." *State of Tex.*, 935 F.2d at 730.

Despite the fact that the Court has issued an order dismissing Plaintiff's claims, Plaintiff contends that he has substantially prevailed in his FOIA claim by causing the USCIS ultimately to disclose his client's immigration records, which he alleges amounts to a "voluntary or unilateral change in position by the agency." In determining whether a plaintiff has substantially prevailed, the Fifth Circuit applies the "catalyst theory," which requires a "showing that the prosecution of the action could reasonably be regarded as necessary to obtain the information and that the action had a substantive causative effect on the delivery of the information." *Batton*, 718 F.3d at 525. "It is not enough to merely allege that because the documents were divulged after a lawsuit was filed, said information was released as a result of that suit." *Arevalo-Franco v. I.N.S.*, 772 F.Supp. 959, 961 (W.D. Tex. 1991) (citing *Cox v. U.S. Dept. of Justice*, 601 F.2d 1, 7 (D.C. Cir. 1979)). Plaintiff asserts that USCIS's release of Plaintiff's client's immigration records on July 8, 2014 was directly caused by Plaintiff's claim, and that if Plaintiff had not pursued a cause of action against USCIS, the records would never have been released. However, Plaintiff has failed to show that the filing of his claim was either necessary for or causative of USCIS's decision to disclose the records.

Generally, when disclosure of records occurs as a result of delayed administrative proceedings, rather than the plaintiff's filing of a lawsuit, the causation requirement of the catalyst theory is not met. *Calypso Cargo Ltd. v. U.S. Coast Guard*, 850 F.Supp.2d 1, 4 (D.D.C. 2011) ("If rather than the threat of an adverse court order, 'an unavoidable delay accompanied by due diligence in the administrative process was the actual reason for the agency's failure to respond to a request, then it cannot be said the complainant substantially prevailed in [its] suit.'")(quoting *Church of Scientology of Cal. v. Harris*, 653 F.2d 584, 588 (D.C. Cir. 1981)). Moreover, when plaintiffs in FOIA cases are aware that administrative problems are causing the government to delay in disclosing requested information, but pursue a FOIA lawsuit in spite of this knowledge, "they are generally held not to have prevailed when the administrative problems are overcome, the information is produced, and the plaintiff is unable to show that the lawsuit caused the production." *Arevalo-Franco*, 772 F.Supp at 961.

USCIS received Plaintiff's FOIA request on May 2, 2014. On the same date, USCIS notified Plaintiff that his request would be handled on a "first-in, first-out basis," and that due to the complexity of the request, it had been placed in "track 2." (Rec. Doc. 1-4, p. 2). The letter further advised Plaintiff that he could "narrow [his] request to a specific document in order to be

5

eligible for the faster track." (Rec. Doc. 1-4, p. 2). Plaintiff does not dispute these facts, nor does he contend that he took any action to narrow his request in order to expedite the disclosure process. Plaintiff further admits that he was aware of the time delay in processing his request by noting that at the time he filed his lawsuit, his request was number 5,020 out of 12,386 FOIA requests pending with USCIS. (Rec. Doc. 28-1, p. 3-4). Despite his knowledge of the administrative problems experienced by USCIS, Plaintiff filed his claim on June 2, 2014, exactly one month from the date he filed his FOIA request. USCIS ultimately turned over the requested documents on July 8, 2014, slightly more than two months after the original FOIA request, and slightly more than one month after Plaintiff commenced his lawsuit.

Plaintiff has presented no evidence to show that USCIS's ultimate disclosure of the requested documents resulted from the filing of his lawsuit, rather than merely USCIS's ability to overcome administrative problems. As noted by courts within the Fifth Circuit, "the attorney fees provision of the FOIA was not meant to reward plaintiffs who 'impatient with justifiable delays at the administrative level, resort to the "squeaky wheel" technique of prematurely filing suit in an effort to secure preferential treatment.'" *Arevalo-Franco*, 772 F.Supp. at 961 (quoting *Fund for Constitutional Govt. v. Nat'l Archives*, 656 F.2d 856, 971 (D.C. Cir. 1981)). Despite Plaintiff's awareness of the

backlog of requests with which USCIS was dealing, and his failure to narrow his request to expedite the disclosure process, Plaintiff chose to file suit in this Court in an effort to avoid the necessary wait time. While the Court has sympathy for Plaintiff's predicament, and does not condone USCIS's delay in responding to FOIA requests, mere evidence of USCIS's administrative burdens is not sufficient for Plaintiff to prove that the filing of his lawsuit necessitated and caused the ultimate disclosure of his client's records.[1] In light of Plaintiff's failure to satisfy the catalyst theory as well as the fact that a court order was issued against Plaintiff, Plaintiff has failed to show that he "substantially prevailed" in his lawsuit, and thus is not entitled to attorneys' fees.[2]

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Attorneys' Fees and Costs* **(Rec. Doc. 28)** is **DENIED.**

---

[1] Plaintiff relies heavily on the case of *Batton v. I.R.S.* in which the Fifth Circuit found the plaintiff's FOIA lawsuit had a "substantially causative impact" on the eventual release of his sought records. 718 F.3d 522, 526 (5th Cir. 2013). However, in *Batton*, the plaintiff filed a FOIA claim only after the I.R.S. "failed to produce a single document or take any other action" for over a year from his original request. *Id.* Here, Plaintiff waited only one month before filing a claim, despite being aware of USCIS's administrative backlog. As such, the Court does not find *Batton* to be analogous to the facts at hand.

[2] In light of the fact that the Court has concluded that Plaintiff is not eligible to recover an award of attorneys' fees, the Court finds that it is unnecessary to determine whether he may be entitled to such an award.

New Orleans, Louisiana this 30th day of September, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE