UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MICHAEL GAHAGAN                                           CIVIL ACTION

VERSUS                                                    NO: 14-1268

UNITED STATES CITIZENSHIP AND                             SECTION: J(1)
IMMIGRATION SERVICES

### ORDER & REASONS

Before the Court are a *Second Motion for Summary Judgment* **(Rec. Doc. 34)** and *Third Motion for Summary Judgment* **(Rec. Doc. 35)** filed by Plaintiff Michael Gahagan ("Gahagan") and an opposition thereto **(Rec. Doc. 37)** filed by Defendant United States Citizenship and Immigration Services ("USCIS"). Also before the Court are two *Motions for Leave to File Reply* by Gahagan **(Rec. Docs. 38, 39)**. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motions should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

Plaintiff Michael Gahagan brought suit against USCIS, seeking relief under the Freedom of Information Act (FOIA). (Rec. Doc. 1 at 1.) Gahagan is an immigration attorney who sought the release of immigration records pertaining to his client. *Id.* Gahagan alleged that he filed a FOIA request with USCIS, requesting particular documents and information, and that

1

USCIS failed to respond within the required twenty business days. *Id.* at 5, 6. Subsequently, USCIS released 436 pages of responsive documents. (Rec. Doc. 19.) Of the 436 pages, 264 were released in their entirety, eighty were released in part, fifty-nine were withheld under FOIA exemptions, and thirty-three were referred to Immigration and Customs Enforcement ("ICE"). Because USCIS fulfilled Gahagan's request, this Court denied Gahagan's *Motion for Summary Judgment* (Rec. Doc. 8) and entered judgment for USCIS. (Rec. Doc. 26.)

Gahagan appealed the dismissal. (Rec. Doc. 31.) On appeal, he argued that the thirty-three pages referred to ICE were improperly withheld. (Rec. Doc. 36.) USCIS then filed a Motion to Supplement the Record on Appeal, which the Fifth Circuit granted. *Id.* USCIS filed new evidence showing that ICE released the withheld thirty-three pages to Gahagan with minor redactions. (Rec. Doc. 33.) Gahagan challenged the redactions as unlawful and claimed that neither USCIS nor ICE produced an affidavit or *Vaughn* Index explaining the claimed exemptions. (Rec. Doc. 36.) The Fifth Circuit vacated the decision of this Court and remanded the case for further proceedings. *Id.*

On August 21, 2015, Gahagan filed a *Second Motion for Summary Judgment* **(Rec. Doc. 34)** in this Court, challenging the *Vaughn* Index produced by ICE. On August 25, he filed a *Third Motion for Summary Judgment* **(Rec. Doc. 35)**, arguing that USICS's

2

search for responsive records was inadequate. Gahagan also moved to strike from the record two declarations filed by USICS (Rec. Docs. 19-1, 25-1) on the grounds that they were not based on the declarants' personal knowledge. USCIS opposed these motions on September 1. Gahagan then filed two *Motions for Leave to File Reply* (Rec. Docs. 38, 39) on September 6, 2015.

### PARTIES' ARGUMENTS

In his *Second Motion for Summary Judgment*, Gahagan argues that USCIS has not produced a "mandated" *Vaughn* Index to include "its most recent disclosure of responsive agency records." (Rec. Doc. 34 at 9.) Gahagan seems to argue that USCIS is required to produce a *Vaughn* Index explaining the exemptions claimed in the thirty-three pages of documents released by ICE, even though ICE provided such an index. (Rec. Doc. 37-1.) Further, Gahagan argues that USCIS is required to submit the records for an in-camera inspection. (Rec. Doc. 34 at 14.) He alleges that USCIS continues to improperly withhold records in violation of FOIA. *Id.* at 15.

In his *Third Motion for Summary Judgment*, Gahagan argues that the Declaration of Jill A. Eggleston ("Eggleston Declaration") (Rec. Doc. 19-1) and the Supplemental Declaration of Brian J. Welsh ("Welsh Declaration") (Rec. Doc. 25-1) should be stricken from the record. The Federal Rules of Civil Procedure require declarations in support of summary judgment to be based on the

3

declarant's personal knowledge. Because the declarations are based in part on information provided by other USCIS employees, Gahagan argues that they should be stricken from the record for lack of personal knowledge.

Also in his *Third Motion for Summary Judgment*, Gahagan argues that USCIS failed to conduct an adequate search as required by FOIA. Gahagan originally requested four types of agency records: (1) his client's Alien File (A-File); (2) copies of notes written by Department of Homeland Security (DHS) or USCIS employees pertaining to his client's visa application, asylum application, and application for lawful permanent residence; (3) emails sent to or from any government employee at the USCIS New Orleans Field Office that mention his client's name or alien number; (4) copies of DHS, ICE, and/or USCIS training materials describing how to respond to requests for A-Files while the alien is in removal proceedings. (Rec. Doc. 1-3, at 2-3.) Gahagan argues that USCIS failed to conduct an adequate search as to his second, third, and fourth requests. (Rec. Doc. 35 at 17.)

The Eggleston Declaration and the Welsh Declaration explain the search efforts made for the requested documents. Gahagan contends that the declarations do not demonstrate a legally adequate search for a number of reasons. As to the Eggleston Declaration, Gahagan first argues that the declaration failed to

4

describe a search for the requested emails, notes, or training materials. (Rec. Doc. 35 at 17.) Second, he asserts that the declaration does not describe the keywords used in the searches, the types of searches performed, or the names or positions of the people who conducted the searches. *Id.* at 17-18. The search is also inadequate, he contends, because USCIS failed to search all four locations where responsive documents might be found. *Id.* at 18. The declaration failed to describe the files searched and instead stated that it conducted a "search," which Gahagan describes as "purely conclusory statements." *Id.* at 19. Finally, Gahagan contends that the declaration did not properly explain that no other record system was likely to produce responsive documents because Ms. Eggleston merely stated that "there is no reason to presume" that any other location contained responsive records and that she was confident that all locations were searched. *Id.*

    Gahagan further argues that the Welsh Declaration is inadequate. First, he contends that the declaration only addresses his requests for emails and training materials. *Id.* at 20. Second, he asserts that only three employees of the USCIS New Orleans Field Office searched their emails for responsive documents. *Id.* USCIS did not describe which email files were searched. *Id.* Third, Gahagan states that the declaration did not include the search terms used to find responsive emails and that

5

the search terms used to find training materials were not reasonably calculated to discover all relevant documents. *Id.* at 21.

In its Opposition, USCIS raises three arguments. First, it contends that FOIA declarations can be based on information provided to the FOIA officer in the course of official duties. (Rec. Doc. 37 at 6.) Thus, the declaration need not be based solely on the declarant's personal knowledge. *Id.* Second, it argues that its search was legally adequate because it was "reasonably calculated to uncover all relevant documents." *Id.* at 9-10. The declarations adequately described the search because they were clear and provided specific details about the search. *Id.* at 9. Third, USCIS argues that ICE appropriately redacted the thirty-three pages released to Gahagan and provided a proper *Vaughn* Index. *Id.* at 10. Because the redactions were minimal and properly described in an index, USCIS argues that an in-camera inspection is unnecessary. *Id.* at 11.

## LEGAL STANDARD

In the FOIA context, the traditional standard for deciding motions for summary judgment is modified. *Batton v. Evers*, 598 F.3d 169, 175 (5th Cir. 2010). This Court has outlined the following standard for motions for summary judgment in FOIA cases:

> Summary judgment is available to the defendant in a FOIA case when the agency proves that it has fully discharged its obligations under FOIA, and there is no genuine issue of material fact, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester. *See Weisberg v. United States Dep't of Justice,* 705 F.2d 1344, 1350 (D.C. Cir. .1983). The agency may satisfy its burden of proof through the submission of affidavits that identify the documents at issue and explain why they fall under the claimed exemption. These affidavits must be clear, specific and reasonably detailed while describing the withheld information in a factual and nonconclusory manner. Furthermore, the court will not grant summary judgment if there is contradictory evidence or evidence of agency bad faith. *See Gallant v. NLRB,* 26 F.3d 168, 171 (D.C. Cir. 1994) (quoting *Halperin v. CIA,* 629 F.2d 144, 148 (D.C. Cir. 1980)). If the agency meets all of these requirements, the court will normally accord the affidavits substantial weight. However, a reviewing court may also inspect the content of agency documents in camera to determine whether they fall under any of the FOIA exemptions. *See* 5 U.S.C. § 552(a)(4)(B).

*Mavadia v. Caplinger*, No. 95-3542, 1996 WL 592742, at *1 (E.D. La. Oct. 11, 1996) (Vance, J.) (footnotes omitted). Courts grant a presumption of legitimacy to an agency's supporting affidavits and declarations in the absence of evidence suggesting bad faith. *Batton*, 598 F.3d at 175. However, the burden of proving the legitimacy of the decision to withhold information remains with the agency. *Cooper Cameron Corp. v. U.S. Dep't of Labor, Occupational Safety and Health Admin.*, 280 F.3d 539, 543 (5th Cir. 2002). The burden does not shift to the FOIA requester, even when the requester moves for summary judgment. *See* 5 U.S.C. 552(a)(4)(B) ("[T]he burden is on the agency to sustain its

7

action."); *Gahagan v. U.S. Citizenship and Migration Servs.*, No. 14-2233, 2015 WL 350356, at *11-12 (E.D. La. Jan. 23, 2015) (Brown, J.).

## DISCUSSION

### A. Declarations

In his *Third Motion for Summary Judgment*, Gahagan argues that the Eggleston Declaration and the Welsh Declaration should be stricken from the record because the declarants lacked personal knowledge. Under the Federal Rules of Civil Procedure, declarations offered in support of summary judgment must be based on the declarant's personal knowledge. Fed. R. Civ. P. 56(c)(4). A court may strike an affidavit that is not based on personal knowledge. *Akin v. Q-L Invs., Inc.*, 959 F.2d 521, 530 (5th Cir. 1992).

In the FOIA context, several courts have held that the declarant satisfies the personal knowledge requirement if he "attests to his personal knowledge of the procedures used in handling [a FOIA] request and his familiarity with the documents in question." *Barnard v. Dep't of Homeland Sec.*, 598 F. Supp. 2d 1, 19 (D.D.C. 2009); *see Spannaus v. U.S. Dep't of Justice*, 813 F.2d 1285, 1289 (4th Cir. 1987). FOIA declarations may also contain statements based on information obtained "in the course of [the declarant's] official duties." *Barnard*, 598 F. Supp. 2d at 19; *Thompson v. Exec. Office for U.S. Attorneys*, 587 F. Supp.

8

2d 202, 208 n.4 (D.D.C. 2008). The Fifth Circuit has yet to decide whether such statements are proper, but this Court finds that the cases cited above are persuasive.

Here, the Eggleston Declaration and the Welsh Declaration are proper FOIA declarations. Both state that they are based on the declarant's personal knowledge, review of documents kept by USCIS in the ordinary course of business, and information provided to the declarant by other USCIS employees in the course of official duties. (Rec. Doc. 19-1 at 2; Rec. Doc. 25-1 at 2.) Ms. Eggleston also attests to her familiarity with USCIS procedures and actions taken in response to Gahagan's request. (Rec. Doc. 19-1 at 2.) Both declarations are properly based on personal knowledge and information obtained in the official course of the declarants' duties.

The case cited by Gahagan, *Bright v. Ashcroft*, does not hold otherwise. There, a court of this district struck an affidavit when the affiant lacked personal knowledge as to withheld information. *Bright v. Ashcroft*, 259 F. Supp. 2d 494, 498 (E.D. La. 2003) (Feldman, J.). The declarations in this case involve knowledge of search procedures, not knowledge of redacted information. Thus, *Bright* is distinguishable. Because the declarations are proper under FOIA and Rule 56, they will not be stricken from the record.

**B. Legally Adequate Search**

In his *Third Motion for Summary Judgment*, Gahagan contends that USCIS has not conducted a legally adequate search under FOIA. (Rec. Doc. 35-2 at 15.) An agency can demonstrate an adequate search by showing that its methods can be "reasonably expected to produce the information requested." *Batton*, 598 F.3d at 176. The proper focus is the adequacy of the search, not the results of the search. *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.D.C. 1984). Thus, it is irrelevant that other responsive documents may exist or that the agency did not search every record system. *Batton*, 598 F.3d at 176.

To prevail on a motion for summary judgment, the agency must show that it conducted a "search reasonably calculated to uncover relevant documents," viewing the facts in the light most favorable to the FOIA requester. *Steinberg v. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1984). To make this showing, the agency may submit affidavits or declarations explaining the scope and method of search "in reasonable detail and in a non-conclusory fashion." *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982).

The Fifth Circuit explained the requirements for declarations and legally adequate searches in *Batton*, 598 F.3d at 176. In that case, the Internal Revenue Service, the responding agency, submitted two declarations to prove the adequacy and

reasonableness of its search. *Id.* One declaration listed "the particular databases that were searched" and explained that the databases contained the type of information requested. *Id.* The other stated that the office searched "internal databases and systems of record." *Id.* The Fifth Circuit found that the search was reasonably calculated to produce responsive documents. *Id.*

Here, USCIS established that it conducted a legally adequate search according to Fifth Circuit precedent. In the Eggleston Declaration, the declarant states that she is the Assistant Center Director for the FOIA Unit of the National Records Center ("NRC") of the USCIS. (Rec. Doc. 19-1 at 1.) She was responsible for overseeing and coordinating the search for documents responsive to Gahagan's FOIA request. *Id.* at 2. The declaration states that the request was assigned to a Significant Interest Team paralegal, who determined that the four locations may have contained responsive records. *Id.* at 5. The NRC forwarded the request to the four offices, tasking them with searching their records. *Id.* Eggleston states that she is confident that the NRC identified all offices and searched all files reasonably likely to contain information requested by Gahagan. *Id.*

The Welsh Declaration contains similar information. The declarant first states that he is Deputy Chief of the FOIA Program Branch of the NRC. (Rec. Doc. 25-1 at 1.) The declaration describes the process of assigning Gahagan's FOIA

11

request to the Significant Interest Team. *Id.* at 2. Following the identification of the four offices that might contain responsive records, NRC forwarded Gahagan's request to the four offices. *Id.* The declaration names the specific individuals tasked with searching for responsive documents, as well as descriptions of where the individuals searched and the search terms used. *Id.* at 2-3. Like Eggleston, Welsh specifically states that he is confident that the NRC identified all offices and searched all files reasonably likely to contain responsive records. *Id.* at 3.

The declarations establish that USCIS conducted a legally adequate search, and Gahagan's contentions to the contrary lack merit. Considering the declarations as a whole, USCIS described its search process, including specifics about the places searched, the persons conducting the searches, and the search terms employed. This is sufficient to meet the standard articulated in *Batton*, which considered an explanation of the places searched to be sufficient. This summary judgment motion requires Gahagan to establish that a reasonable fact-finder could not find for USCIS. *Gahagan*, No. 14-2233, 2015 WL 350356, at *15. Gahagan failed to make such a showing.

**C. *Vaughn* Index**

In his *Second Motion for Summary Judgment*, Gahagan argues that USCIS must produce a *Vaughn* Index explaining the exemptions

12

claimed in the thirty-three pages of documents released by ICE. (Rec. Doc. 34 at 13.) However, ICE provided such an index when it released the documents to him. (Rec. Doc. 37-1.) A *Vaughn* Index, named for *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), is a "routine device through which the defendant agency describes the responsive documents withheld or redacted and indicates why the exemptions claimed apply to the withheld material." *Batton*, 598 F.3d at 174 (quoting *Jones v. Fed. Bureau of Investigation*, 41 F.3d 238, 241 (6th Cir. 1994)). The index must contain a "detailed justification" for each claimed exemption to disclosure. *Stephenson v. Internal Revenue Serv.*, 629 F.2d 1140, 1145 (5th Cir. 1980). The district court has the discretion to order a *Vaughn* Index, but it abuses its discretion when it "relies upon agency affidavit in an investigative context when alternative procedures ... would more fully provide an accurate basis for decision." *Id* at 1145-46.; *see Batton*, 598 F.3d at 178.

Because Gahagan has already received a *Vaughn* Index for the thirty-three pages released by ICE, this issue is moot. (Rec. Doc. 37-1.) On appeal, USCIS supplemented the record with the Declaration of Fernando Pineiro, Deputy FOIA Officer at the ICE FOIA Office, which describes in detail the records released to Gahagan and the exemptions claimed. *Id.* The declaration included a chart listing the record page number, record date, a

description of the records and redacted information, and the exemptions applied to each. *Id.* at 19-30. The declaration and attached exhibits constitute an adequate *Vaughn* Index because they contain detailed justifications for each redaction. *See id.*

Gahagan seems to argue that USCIS is required to produce a *Vaughn* Index, in addition to the index produced by ICE. However, he cites no Fifth Circuit precedent, and this Court could not find any support for this argument. Thus, because Gahagan received a *Vaughn* Index detailing the exemptions claimed by ICE, this issue is moot.

**D. In-Camera Review**

In his *Second Motion for Summary Judgment*, Gahagan urges that this Court is required to order a *Vaughn* Index or conduct an in-camera review of the redacted documents. However, like ordering a *Vaughn* Index, the court has the discretion to order an in-camera review. *Stephenson*, 629 F.2d at 1144. The Court finds review of the thirty-three pages released by ICE unnecessary because ICE provided a detailed *Vaughn* Index, as described above.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Second Motion for Summary Judgment* **(Rec. Doc. 34)** and *Third Motion for Summary*

*Judgment* **(Rec. Doc. 35)** are **DENIED**. Plaintiff's *Motions for Leave to File Reply* **(Rec. Docs. 38, 39)** are **DENIED** as moot.

New Orleans, Louisiana this 11th day of September, 2015

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE