UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL GAHAGAN

VERSUS

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES

CIVIL ACTION

NO: 14-1268

SECTION: J(1)

## ORDER & REASONS

Before the Court is a *Second Motion for Attorneys' Fees and Costs* **(Rec. Doc. 42)** filed by Plaintiff, Michael Gahagan ("Plaintiff"), as well as an *Opposition* **(Rec. Doc. 43)** filed by Defendant, United States Citizenship and Immigration Services ("USCIS"). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **DENIED.**

## PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiff Michael Gahagan brought suit against USCIS, seeking relief under the Freedom of Information Act (FOIA). (Rec. Doc. 1, at 1.) Plaintiff is an immigration attorney who sought the release of immigration records pertaining to his client. *Id.* Plaintiff alleged that he filed a FOIA request with USCIS, requesting particular documents and information, and that USCIS failed to respond within the required twenty business days. *Id.* at 5, 6.

Approximately one month after Plaintiff filed suit, USCIS released 436 pages of responsive documents. (Rec. Doc. 19.) Of the 436 pages, 264 were released in their entirety, eighty were released in part, fifty-nine were withheld under FOIA exemptions, and thirty-three were referred to Immigration and Customs Enforcement ("ICE"). Because USCIS fulfilled Plaintiff's request, this Court denied his Motion for Summary Judgment (Rec. Doc. 8) and entered judgment for USCIS. (Rec. Doc. 26.) Plaintiff subsequently filed his First Motion for Attorneys' Fees and Costs (Rec. Doc. 28), which this Court denied. (Rec. Doc. 30.)

Plaintiff appealed the dismissal to the Court of Appeals for the Fifth Circuit. (Rec. Doc. 31.) On appeal, he argued that the thirty-three pages referred to ICE were improperly withheld. (Rec. Doc. 36.) USCIS then filed a Motion to Supplement the Record on Appeal, which the Fifth Circuit granted. *Id.* USCIS filed new evidence showing that ICE released the withheld thirty-three pages to Plaintiff with minor redactions. (Rec. Doc. 33.) Plaintiff challenged the redactions as unlawful and claimed that neither USCIS nor ICE produced an affidavit or a *Vaughn* Index explaining the claimed exemptions. (Rec. Doc. 36.) The Fifth Circuit vacated the decision of this Court and remanded the case for further proceedings. *Id.*

On August 21, 2015, Plaintiff filed a Second Motion for Summary Judgment (Rec. Doc. 34) in this Court, challenging the *Vaughn* Index produced by ICE. On August 25, he filed a Third Motion for Summary Judgment (Rec. Doc. 35), arguing that USICS's search for responsive records was inadequate. This Court denied Plaintiff's motions on September 11 (Rec. Doc. 40) and entered judgment in favor of USCIS on September 22. (Rec. Doc. 41.) On October 16, Plaintiff filed a Second Motion for Attorneys' Fees and Costs, requesting that this Court award him $59,113.19 in attorney fees and $1,440.69 in costs. (Rec. Doc. 42.) USCIS opposed the motion on October 22. (Rec. Doc. 43.) Plaintiff filed a Motion for Leave to File Reply on October 28. (Rec. Doc. 44.)

## PARTIES' ARGUMENTS

Plaintiff argues that he is eligible for an award of attorneys' fees because he "substantially prevailed" in his FOIA claim, as seen by USCIS's ultimate disclosure of the requested documents, and that he is also entitled to such an award. Plaintiff requests $59,113.19 in attorneys' fees and contends that the amount is reasonable. Plaintiff also seeks $1,440.69 in costs.

In response, USCIS first argues that Plaintiff is neither eligible to receive attorneys' fees because this Court issued a judgment against him, nor is he entitled to them. Moreover,

USCIS contends that the fees sought by Plaintiff are excessive and unreasonable.

## LEGAL STANDARD AND DISCUSSION

Because the instant motion is substantively similar to Plaintiff's First Motion for Attorneys' Fees and Costs, the Court quotes the following from its Order and Reasons dated September 30, 2014:

Under FOIA, a court "may assess against the United States reasonable attorneys' fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed." 5 U.S.C.A. § 552(a)(4)(E)(i); *see State of Tex. v. I.C.C.*, 935 F.2d 728, 730 (5th Cir. 1991). The Fifth Circuit has developed a two-step analysis to determine when such an award is appropriate. *State of Tex.*, 935 F.2d at 730. First, under the "eligibility" prong, the court considers whether the plaintiff "substantially prevailed" in obtaining relief through either a court order in his favor or a "voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C.A. § 552(a)(4)(E)(ii).

Second, under the "entitlement" prong, the court "considers a variety of factors to determine whether the plaintiff *should* receive fees." *Batton v. IRS*, 718 F.3d 522, 525 (5th Cir. 2013). These factors include: "(1) the benefit to the public deriving from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in law." *State of Tex.*, 935 F.2d at 730.

Despite the fact that the Court has issued an order dismissing Plaintiff's claims, Plaintiff contends that he has substantially prevailed in his FOIA claim by causing the USCIS ultimately to disclose his client's immigration records, which he alleges amounts to a "voluntary or unilateral change in position by the agency." In

determining whether a plaintiff has substantially prevailed, the Fifth Circuit applies the "catalyst theory," which requires a "showing that the prosecution of the action could reasonably be regarded as necessary to obtain the information and that the action had a substantive causative effect on the delivery of the information." *Batton*, 718 F.3d at 525. "It is not enough to merely allege that because the documents were divulged after a lawsuit was filed, said information was released as a result of that suit." *Arevalo-Franco v. I.N.S.*, 772 F. Supp. 959, 961 (W.D. Tex. 1991) (citing *Cox v. U.S. Dept. of Justice*, 601 F.2d 1, 7 (D.C. Cir. 1979)). Plaintiff asserts that USCIS's release of Plaintiff's client's immigration records on July 8, 2014 was directly caused by Plaintiff's claim, and that if Plaintiff had not pursued a cause of action against USCIS, the records would never have been released. However, Plaintiff has failed to show that the filing of his claim was either necessary for or causative of USCIS's decision to disclose the records.

Generally, when disclosure of records occurs as a result of delayed administrative proceedings, rather than the plaintiff's filing of a lawsuit, the causation requirement of the catalyst theory is not met. *Calypso Cargo Ltd. v. U.S. Coast Guard*, 850 F. Supp. 2d 1, 4 (D.D.C. 2011) ("If rather than the threat of an adverse court order, 'an unavoidable delay accompanied by due diligence in the administrative process was the actual reason for the agency's failure to respond to a request, then it cannot be said the complainant substantially prevailed in [its] suit.'") (quoting *Church of Scientology of Cal. v. Harris*, 653 F.2d 584, 588 (D.C. Cir. 1981)). Moreover, when plaintiffs in FOIA cases are aware that administrative problems are causing the government to delay in disclosing requested information, but pursue a FOIA lawsuit in spite of this knowledge, "they are generally held not to have prevailed when the administrative problems are overcome, the information is produced, and the plaintiff is unable to show that the lawsuit caused the production." *Arevalo-Franco*, 772 F. Supp at 961.

USCIS received Plaintiff's FOIA request on May 2, 2014. On the same date, USCIS notified Plaintiff that his request would be handled on a "first-in, first-out basis," and that due to the complexity of the request, it had been placed in "track 2." (Rec. Doc. 1-4, at 2). The letter further

advised Plaintiff that he could "narrow [his] request to a specific document in order to be eligible for the faster track." (Rec. Doc. 1-4, at 2). Plaintiff does not dispute these facts, nor does he contend that he took any action to narrow his request in order to expedite the disclosure process. Plaintiff further admits that he was aware of the time delay in processing his request by noting that at the time he filed his lawsuit, his request was number 5,020 out of 12,386 FOIA requests pending with USCIS. (Rec. Doc. 28-1, at 3-4). Despite his knowledge of the administrative problems experienced by USCIS, Plaintiff filed his claim on June 2, 2014, exactly one month from the date he filed his FOIA request. USCIS ultimately turned over the requested documents on July 8, 2014, slightly more than two months after the original FOIA request, and slightly more than one month after Plaintiff commenced his lawsuit.

Plaintiff has presented no evidence to show that USCIS's and ICE's ultimate disclosure of the requested documents resulted from the filing of his lawsuit, rather than merely USCIS's ability to overcome administrative problems. As noted by courts within the Fifth Circuit, "the attorney fees provision of the FOIA was not meant to reward plaintiffs who 'impatient with justifiable delays at the administrative level, resort to the "squeaky wheel" technique of prematurely filing suit in an effort to secure preferential treatment.'" *Arevalo-Franco*, 772 F. Supp. at 961 (quoting *Fund for Constitutional Govt. v. Nat'l Archives*, 656 F.2d 856, 971 (D.C. Cir. 1981)). Despite Plaintiff's awareness of the backlog of requests with which USCIS was dealing, and his failure to narrow his request to expedite the disclosure process, Plaintiff chose to file suit in this Court in an effort to avoid the necessary wait time. While the Court has sympathy for Plaintiff's predicament and does not condone USCIS's delay in responding to FOIA requests, mere evidence of USCIS's administrative burdens is not sufficient for Plaintiff to prove that the filing of his lawsuit necessitated and caused the ultimate disclosure of his client's records.[1] In

---

[1]Plaintiff relies heavily on the case of *Batton v. I.R.S.* in which the Fifth Circuit found the plaintiff's FOIA lawsuit had a "substantially causative impact" on the eventual release of his sought records. 718 F.3d 522, 526 (5th Cir. 2013). However, in *Batton*, the plaintiff filed a FOIA claim only after the I.R.S. "failed to produce a single document or take any other action" for over a year from his original request. *Id*. Here, Plaintiff waited only one month before filing a claim, despite being aware of USCIS's administrative

light of Plaintiff's failure to satisfy the catalyst theory
as well as the fact that a court order was issued against
Plaintiff, Plaintiff has failed to show that he
"substantially prevailed" in his lawsuit, and thus is not
entitled to attorneys' fees.[2]

(Rec. Doc. 30, at 3-7.)

For the reasons described above, this Court finds that
Plaintiff is still not entitled to attorneys' fees and costs.
USCIS did not provide Plaintiff with any new documents following
the appeal. ICE released the thirty-three pages referred to it
on November 24, 2014, but Plaintiff cannot show that this
release was the result of his appeal. (*See* Rec. Doc. 43, at 2.)
Rather, the delay can be easily attributed to the referral from
USCIS, which was in turn delayed because of an administrative
backlog.

Further, Plaintiff argues that he was forced to file second
and third Motions for Summary Judgment in order to receive a
*Vaughn* Index after his case was remanded to this Court. This is
patently untrue. This Court previously found that ICE released a
proper *Vaughn* Index when it provided responsive documents to
Plaintiff in November 2014. (*See* Rec. Doc. 40, at 12-13.) Thus,

---

backlog. As such, the Court does not find *Batton* to be analogous to the facts
at hand.

[2]In light of the fact that the Court has concluded Plaintiff is not eligible
to recover an award of attorneys' fees, the Court finds is unnecessary to
determine whether he may be entitled to such an award.

the filing of those motions did not trigger the release of the *Vaughn* Index because ICE had already provided an index.

Because Plaintiff failed to show that he "substantially prevailed" in his lawsuit against USCIS, he is not eligible to receive attorneys' fees and costs. Thus, it is unnecessary for this Court to consider whether Plaintiff is entitled to attorneys' fees and whether those fees are reasonable.

<u>**CONCLUSION**</u>

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Second Motion for Attorneys' Fees and Costs* **(Rec. Doc. 42)** is **DENIED.** Plaintiff's *Motion for Leave to File Reply* **(Rec. Doc. 44)** is **DENIED as moot**.

New Orleans, Louisiana this 4th day of November, 2015.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE